# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THOMAS GRAY SKIPPER, et al., | Case No. 1:21-CV-00094-JB-B |
| Plaintiffs, | |
| v. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | |
| Defendants, | |
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| Defendant-Intervenor. | |

**PLAINTIFFS' THIRD NOTICE PURSUANT TO S.D. ALA. CIVLR 7(f)(3)**

Plaintiffs respectfully submit this notice pursuant to S.D. Ala. CivLR 7(f)(3) to inform the Court of the United States Supreme Court's recent opinion in *Loper Bright Enterprises v. Raimondo*, No. 22-1219, 2024 WL 3208360 (U.S. June 28, 2024). This opinion was not cited previously because it was issued after the conclusion of briefing and argument.

In defending the United States Fish and Wildlife Service's February 26, 2020, final rule designating critical habitat for the black pinesnake, 85 Fed. Reg. 11,238, Federal Defendants and the Intervenor repeatedly invoke *Chevron* deference. *See* ECF No. 58 at 19–20 (arguing that "the Service's legal interpretation of the meaning of the word 'occupied,'" is entitled to deference); *id.* at 26 ("Because Congress has not spoken directly to whether the Service should use the incremental or co-extensive effects approach, the Court must defer to the Service's interpretation as long as it is a permissible construction of the statute."); *id.* at 32–33 (arguing that the Service's decision not to perform an RFA analysis is entitled to deference under *Chevron*); ECF No. 59-1 at 20 ("Given the term's ambiguity, and the contextual and fact-specific nature of the inquiry, deference must be given to the interpretation of 'occupy' set forth in the Service's regulations."); *id.* at 28 ("Therefore, because the ESA is ambiguous as to *how* the agency should analyze the economic impacts of a critical habitat designation, and the Service has formally promulgated a reasonable approach to conducting that analysis, the Service's incremental effects approach warrants *Chevron* deference and must be upheld."); ECF No. 71 at 11–12 (invoking *Chevron* and arguing that "[t]he Service's interpretation of 'occupied' is reasonable."); ECF No. 71 at 16 (arguing that the Service's decision not to perform RFA analysis is entitled to deference under *Chevron*); ECF No. 71 at 18 ("As a matter of law, the Service's long-standing interpretation of Section 4(b)(2), which has faced the rigors of notice-and-comment rulemaking, should receive *Chevron* deference."); ECF No. 72 at 17 ("Therefore, because the ESA is ambiguous as to how

the agency should analyze the economic impacts of a critical habitat designation, and the Service has formally promulgated a reasonable approach to conducting that analysis, the Service's incremental effects approach warrants *Chevron* deference and must be upheld.").

"*Chevron* is overruled." *Loper Bright Enters.*, 2024 WL 3208360, at *22. This Court "must exercise" its "independent judgment in deciding whether [the Service] has acted within its statutory authority." *Id.*

DATED: July 1, 2024.

                Respectfully submitted,

                /s/ Charles T. Yates
                CHARLES T. YATES*
                Cal. Bar No. 327704
                JEFFREY W. McCOY*
                Cal. Bar No. 317377
                Pacific Legal Foundation
                555 Capitol Mall, Suite 1290
                Sacramento, California 95814
                Telephone: (916) 419-7111
                Facsimile: (916) 419-7747
                Email: CYates@pacificlegal.org
                Email: JMccoy@pacificlegal.org
                **Pro Hac Vice*

                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                /s/ Charles T. Yates
                CHARLES T. YATES*

                *Pro Hac Vice*