UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THOMAS GRAY SKIPPER, et al., | Case No. 1:21-CV-00094-JB-B |
| Plaintiffs, | |
| v. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | |
| Federal Defendants, | |
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| Defendant-Intervenor. | |

**JOINT MOTION TO FURTHER STAY THE DEADLINE FOR PLAINTIFFS TO FILE A MOTION FOR COSTS AND ATTORNEYS' FEES**

Plaintiffs and Federal Defendants respectfully move that this Court further stay the deadline for Plaintiffs to file a motion for costs and attorneys' fees.[1] Plaintiffs and Federal Defendants make this request in light of the pendency of Defendant-Intervenor's Motion for Entry of Judgment and Motion to Alter or Amend Order and Judgment, ECF No. 95, and to facilitate settlement negotiations. Good cause exists to grant this motion. In support of this request, Plaintiffs and Federal Defendants state as follows:

---

[1] By joining this motion for a stay of any deadline for fees and costs, Federal Defendants do not agree that Plaintiffs are entitled to recover attorneys' fees or costs or to the amount of any such fees and costs. Federal Defendants reserve the right to raise any objection or defense they may have to Plaintiffs' claim for fees.

1

1.      This is an action for declaratory and injunctive relief brought pursuant to the citizen suit provision of the Endangered Species Act, 16 U.S.C. § 1540(g); the judicial review provision of the Regulatory Flexibility Act, 5 U.S.C. § 611; and the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 702, 706. *See* ECF No. 8.

2.      On August 21, 2025, this Court entered an order granting in part, and denying in part, the parties' respective cross-motions for summary judgment. ECF No. 91.

3.      Pursuant to the ESA's citizen suit provision, this Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4).

4.      Any motion for costs and attorneys' fees is due 14 days after the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2) ("A claim for attorney's fees and related nontaxable expenses must be made by motion . . . filed no later than 14 days after the entry of judgment[.]"). *See also* S.D. Ala. CivLR 54.

5.      At the time the Court entered its order granting summary judgment, the Court did not enter judgment in a separate document. *See* ECF No. 91. Nevertheless, to ensure their claims for costs and attorneys' fees were preserved, Plaintiffs construed their deadline to file a motion conservatively. *See* ECF No. 99-1 ¶ 7. Accordingly, Plaintiffs planned to file a motion for costs and attorneys' fees

within 14 days of the entry of the Court's order granting summary judgment—absent entry of an order extending the time to file such motion. *See id.*

6. On August 29, 2025, Plaintiffs moved for an extension of time to file their motion for costs and attorneys' fees. *See* ECF No. 92. Plaintiffs made this request to facilitate settlement negotiations, and because Plaintiffs' lead counsel was at that time out of the country on a pre-scheduled family vacation, thus making settlement negotiations impractical. *See id.* ¶¶ 5–8. *See also* ECF No. 99-1 ¶ 8.

7. On August 29, 2025, the Court granted Plaintiffs' motion, and extended Plaintiffs' deadline to file their motion for costs and attorneys' fees until November 3, 2025. *See* ECF No. 93.

8. On September 18, 2025, Defendant-Intervenor Center for Biological Diversity filed a motion for entry of judgment, pursuant to Federal Rule of Civil Procedure 58(d). *See* ECF No. 95. Defendant-Intervenor concurrently filed a motion to alter or amend order and judgment, pursuant to Federal Rule of Civil Procedure 59(e). *See id.* On October 2, 2025, Plaintiffs filed a brief in opposition to Defendant-Intervenor's motion to alter or amend order and judgment. *See* ECF No. 100.[2] And on October 9, 2025, Defendant-Intervenor's filed a reply. *See* ECF No. 102.

9. At the end of the day on September 30, 2025, the appropriations act that had been funding Federal Defendants and the Department of Justice expired. *See*

---

[2] Plaintiffs did not oppose Defendant-Intervenor's concurrent motion for entry of judgment. *See id.* at 5 n.1.

ECF No. 97 at 2. In light of this lapse in appropriations, on October 1, 2025, this Court stayed Federal Defendants' deadline to file a response to Defendant-Intervenor's motion for entry of judgment and motion to alter or amend order and judgment. *See* ECF No. 98. The Court further ordered that once appropriations were restored, Federal Defendants would have eight days to file their response. *See* ECF No. 98.

10. Additionally, in light of the lapse in appropriations to Federal Defendants and DOJ, and the pendency of Defendant-Intervenor's motion for entry of Judgment and motion to alter or amend order and judgment, on October 2, 2025, Plaintiffs filed an *ex parte* motion to stay their November 3, 2025, deadline to file a motion for costs and attorneys' fees. *See* ECF No. 99. In that motion Plaintiffs proposed that upon resumption of appropriations, the parties shall have 30 days to propose a process by which Plaintiffs' claims for costs and attorneys' fees will be resolved. *See id.* at 5. The Court granted that motion on October 3, 2025. *See* ECF No. 101.

11. Effective November 13, 2025, appropriations to Federal Defendants and DOJ have been restored. *See* ECF No. 103. On November 24, 2025, Federal Defendants filed a response to Defendant-Intervenor's motion for entry of judgment and motion to alter or amend order and judgment. *See* ECF No. 104.

12. Once this Court has resolved Defendant-Intervenor's motion for entry of judgment and motion to alter or amend order and judgment, Plaintiffs intend to

initiate negotiations with Federal Defendants, to settle Plaintiffs' claims for attorneys' fees and costs. *See* ECF No. 99-1 ¶ 12.

13. The pendency of Defendant-Intervenor's motion for entry of judgment and motion to alter or amend order and judgment, renders any settlement negotiations or motions practice as to Plaintiffs' claims for attorneys' fees and costs impracticable and potentially premature. This is because Plaintiffs have expended additional attorney time responding to that motion, and because, as noted above, any motion for costs and attorneys' fees is due 14 days after the entry of judgment—a date that will change should this Court grant Defendant-Intervenor's motion for entry of judgment pursuant to Federal Rule of Civil Procedure 58(d).

14. Accordingly, further staying the current deadline for Plaintiffs to file their motion would increase the likelihood of a settlement—conserving judicial resources by minimizing the likelihood of motions practice.

15. Preparing a motion for costs and attorneys' fees also requires time and increases the total amount of attorneys' fees. Further staying the deadline for the motion would allow the parties to engage in good faith negotiations without incurring additional fees and costs related to filing a motion.

16. Defendant-Intervenor takes no position on this motion.

17. Therefore, for good cause shown, Plaintiffs and Federal Defendants respectfully request that this Court grant this motion to further stay the deadline for Plaintiffs to file their motion for costs and attorneys' fees. Within 7 days of this Court's resolution of Defendant-Intervenor's Motion for Entry of Judgment and

Motion to Alter or Amend Order and Judgment, ECF No. 95, the parties will propose a process by which Plaintiffs' claims for costs and attorneys' fees will be resolved.

DATED: November 25, 2025.

                                        Respectfully submitted,

/s/ Charles T. Yates
CHARLES T. YATES*
Cal. Bar No. 327704
JEFFREY W. McCOY*
Cal. Bar No. 317377
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
Email: CYates@pacificlegal.org
Email: JMccoy@pacificlegal.org

*Pro Hac Vice*

*Attorneys for Plaintiffs*

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney
 General
MEREDITH L. FLAX, Deputy Section
 Chief

/s/ Davis A. Backer (with permission)
DAVIS A. BACKER
Trial Attorney
United States Department of Justice
Environment & Natural Resources
 Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

*Attorneys for Federal Defendants*