**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THOMAS GRAY SKIPPER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO. 21-00094-JB-B** |
| **UNITED STATES FISH AND WILDLIFE SERVICE, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Defendant-Intervenor, Center for Biological Diversity's ("Intervenor") Motion for Entry of Judgment and Motion to Alter or Amend Order and Judgment. (Doc. 95). Plaintiffs filed a brief in opposition (Doc. 100), Intervenor filed a reply (Doc. 102), and federal Defendants, United States Fish and Wildlife Service ("Service") and its Director Brian Nesvik, and the United States Department of the Interior and its Secretary Doug Burgum, filed a response (Doc. 104). Upon due consideration, the Court concludes the Motion for Entry of Judgment is due to be GRANTED and the Motion to Alter or Amend is due to be DENIED. Judgment will be entered by separate order. The remainder of this Order addresses the Motion to Alter or Amend (hereinafter "Motion").

## I. STANDARD

The Eleventh Circuit Court of Appeals recited the standards applicable to Rule 59(e) motions in *Terry v. Robinett,* 2026 U.S. App. LEXIS 12087 (11th Cir. April 28, 2026):

> We review for abuse of discretion a district court's denial of a Rule 59(e) motion. *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021). Courts should grant Rule 59(e) motions only for 'newly discovered evidence' or 'manifest errors of law or fact.' *Id.* (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Parties cannot use them to 'relitigate old matters' or to 'raise argument[s] or present evidence' that they could have presented before entry of judgment. *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

2026 U.S. App. LEXIS 12087 at *6.

The grounds for granting a motion under Rule 59(e) have been described as "narrow" and "extraordinary." *See Allen v. Austal USA, LLC*, 2025 U.S. Dist. LEXIS 19475, *1 – 3 (S.D. Ala. Feb. 4, 2025) and *Cox v. Jones*, 2026 U.S. Dist. LEXIS 90829 (M.D. Ala. April 24, 2026). "The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

## II. ANALYSIS

Intervenor argues the Court's Order (Doc. 91) contains a manifest error of law. In particular, Intervenor moves the Court to delete from its Order what Intervenor describes as the Court's "finding the Service's 'baseline approach' to analyzing the economic impacts of critical habitat designations is contrary to law." (Doc. 95 at PageID.1321). The Court's Order is based in part on the reasoning in the Tenth Circuit opinion in *New Mexico Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv,* 248 F.3d 1277 (10th Cir. 2001).

In the Eleventh Circuit, a "manifest error" is defined as "one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 Fed. Appx. 825, 828 (11th Cir. Dec. 5, 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606

(7th Cir. 2000)). In *Shuler*, the Eleventh Circuit citied *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004), defining "manifest error as an error 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law'." *Shuler*, 718 Fed. Appx. at 828. *See also Wilborn v. Trant*, 2019 U.S. Dist. LEXIS 233939, *2 (N.D. Ala. Nov. 25, 2019) ("For the purposes of . . . Rule [59(e)], a manifest error of law is 'the wholesale disregard, misapplication, or failure to recognize controlling precedent.'") (quoting *Benton v. Burke*, 2012 U.S. Dist. LEXIS 68394 (N.D. Ala. May 16, 2012) (quoting *Oto*, 224 F.3d at 606).

The "manifest error" Intervenor identifies in its Motion is the Court's adoption of the reasoning of the Tenth Circuit's opinion in *New Mexico Cattle Growers*, as well as the Court's supposed "reliance" on a circuit split created by that opinion and the Ninth Circuit opinion in *Northern New Mexico Stockman's Ass'n v. U.S. Fish, & Wildlife Serv.,* 30 F.4th 1210 (10th Cir. 2022). Intervenor argues (incorrectly, as explained below) *New Mexico Cattle Growers* has been "overruled," and its overruling obviated the circuit split upon which, Intervenor contends, the Court "relied."

Intervenor has failed to demonstrate a "manifest error" for purposes of Rule 59(e). Neither the United States Supreme Court nor the Eleventh Circuit Court of Appeals has decided the issue made the subject of Intervenor's Motion. There is no "controlling precedent" or "controlling law" on the appropriate approach to analyze economic impacts of habitat designation for the Court to have disregarded or misapplied. *See Shuler*, 718 Fed. Appx. at 828, *Trant*, 2019 U.S. Dist. LEXIS 233939.

Additionally, the Court finds Intervenor's Motion is due to be denied as it is in essence an attempt to "relitigate old matters." *See Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir.

2023). As Plaintiffs correctly note, the substance of the arguments in Intervenor's Motion are not new. Intervenor's arguments were, or could have been raised in the briefing on summary judgment. Having found no "manifest error" of law or any other basis to support a remedy under the standards applicable to Rule 59(e) motions, Petitioner's Motion is due to be denied.

The Court also finds Intervenor's Motion defective in other respects. In its Order, the Court stated it was persuaded by the "core" of the Tenth Circuit's holding in *New Mexico Cattle Growers*. The Court described the "core" holding of *New Mexico Cattle* as, "any methodology that prevents a full accounting of the economic consequences of a designation – thereby precluding a meaningful balancing of benefits and costs – is contrary to the statute." (Doc. 91 at PageID.1308). The Court adopted the reasoning in *New Mexico Cattle* because it ensured "all economic consequences flowing from the [Service's] designation are considered." (*Id.* at PageID.1309). Concluding the Service's application of the "baseline approach" failed to provide a full accounting of the economic consequences of its habitat designation in this case, the Court vacated the Service's final rule affecting Plaintiffs' properties.

Intervenor, however, represents the Tenth Circuit "overturned its holding" in *New Mexico Cattle* by its decision in *Northern New Mexico Stockman's Ass'n*. (Doc. 95 at PageID.1322). Intervenor represents *New Mexico Cattle* is an "overruled Tenth Circuit opinion." (*Id.* at PageID.1323). Based on those representations, Intervenor moves the Court to delete the portion of its Order based on *New Mexico Cattle.* (Doc. 91). It also argues the Court incorrectly treated the "baseline approach" facially rather than as-applied in the context of the Service's final rule in this case.

However, Intervenor's representations regarding *New Mexico Cattle* are incorrect. Intervenor concedes as much in its reply brief. (Doc. 102 ("the Tenth Circuit's approach in *New Mexico Cattle* Growers Association was not technically overruled in *Northern New Mexico Stockman's Association[.]"*). As a matter of law, "'one panel of the court cannot overrule circuit precedent' absent 'an intervening Supreme Court or en banc decision justifying such action.'" *Lincoln v. BNSF Ry. Co.*,900 F.3d 1166, 1183 (10th Cir. 2018).

Intervenor also fails to adequately account for material distinctions between *New Mexico Cattle* and the instant case, on the one hand, and *Northern New Mexico Stockman's Association,* on the other. This case involved only "occupied" areas, whereas *Northern New Mexico Stockman's Association* involved unoccupied areas as well as occupied. The court in *Northern New Mexico Stockman's Association* noted the potential relevance of this very distinction, stating it "may be true that in situations where critical habitat consists only of occupied areas, there will be few incremental costs attributable to critical habitat designation . . . [b]ut those are not the facts before us." *Northern New Mexico Stockman's Association,* 30 F.4th at 1224.

Intervenor also mistakenly contends the Court "relied" on the existence of a "circuit split" between the Ninth and Tenth Circuits. (Doc. 102 at 1373). The Court's Order notes, but it does not "rely" on the existence of a circuit split. The Court's Order is based on the fact there is no binding Eleventh Circuit precedent regarding the type of economic impact analysis mandated by the Endangered Species Act for habitat designations. (Doc. 91 at PageID.1307). The Court was persuaded by the unbinding Tenth Circuit opinion in *New Mexico Cattle* and unpersuaded by the contrary unbinding Ninth Circuit opinion in *Arizona Cattle Growers' Ass'n*. The Court's Order is based on its analysis of each of those opinions, not on the existence of a circuit split between

them. Further, Intervenor's argument regarding a "circuit split" is undermined by Intervenor's concession *New Mexico Cattle* has not "technically" been overruled.

**CONCLUSION**

For the reasons stated herein, and those set out in Plaintiffs' briefing, Intervenor's Motion to Alter or Amend (Doc. 95) is DENIED.

**DONE and ORDERED** this 18th day of September, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE